Richard CALDWELL and Stephen BLAKELY
*v.* STATE of Arkansas

CA CR 79-131                                    595 S.W. 2d 253
Court of Appeals of Arkansas
Opinion delivered February 27, 1980
Released for publication March 19, 1980

*Ted Boswell, P.A.* and *Henry B. Means,* for appellants.

*Steve Clark,* Atty. Gen., by: *Victra L. Fewell,* Asst. Atty. Gen., for appellee.

JAMES H. PILKINTON, Judge. This appeal is from a conviction for aggravated robbery, a violation of Ark. Stat. Ann. § 41-2102 (Repl. 1977). Punishment was assessed at five years imprisonment.

On May 12, 1979, following trial, a jury returned a verdict finding both apellants guilty and recommending that each be sentenced to three years in the state penitentiary. After the verdict was read and the jury polled, the court discharged the jury and scheduled formal sentencing for May 14, 1979. On that day, the court acting on the jury verdict found both defendants guilty of aggravated robbery. Noting that the jury had fixed the sentences at three years for each defendant, the court stated that five years is the minimum sentence for aggravated robbery. The court then sentenced both defendants to five years, but stated that, in deference to the jury's recommendation, he would suspend two years of each sentence. From this conviction and sentence appellants have appealed.

Although phrased differently by appellants, the sole ground for error is the contention that the trial court erred in

sentencing appellants to five years. They argue that the sentence imposed, greater than fixed by the jury, violated their rights to protection under the double jeopardy clause of the constitution.

Although Ark. Stat. Ann. § 41-2102 was amended by Act 1118 of 1979, appellants were found guilty under Act 280 of 1975, codified in 1977 Replacement to Vol. 4, Ark. Stats. That act specified aggravated robbery to be a class "A" felony. Ark. Stat. Ann. § 41-901(1)(a) (Repl. 1977) provides that a person convicted of a class "A" felony may be sentenced to a term of imprisonment not less than five years nor more than fifty years, or to life imprisonment. Although the trial court's instructions to the jury included the correct range of punishment, the jury after finding the defendants guilty erroneously fixed their punishment at three years each, or less than the authorized statutory minimum.

Since the trial court was not authorized to impose a three year sentence in this instance, the court properly followed the provisions of Ark. Stat. Ann. § 43-2309 (Repl. 1977) which provides:

> If the jury, in any case, assess a punishment, whether fine or imprisonment, below the limit prescribed by law for the offense of which the defendant is convicted, the court shall render judgment, and pronounce sentence, according to the lowest limit prescribed by law in such cases.

The fact that the punishment of five years, being the minimum authorized by statute, exceeds the *unauthorized* punishment of three years does not present a double jeopardy problem, as appellants claim.[1] See *Bozza* v. *United States*, 330 U.S. 160 (1947), *United States* v. *Scott*, 502 F. 2d 1102 (1974). The Arkansas courts distinguish constitutionally valid modifications of judgments which do not place the defendant in double jeopardy from others that do, and make a distinction between an unexecuted and executed sentence or judg-

---

[1] Under court rules for the federal system "[t]he sentencing court may correct an illegal sentence at any time . . ." *Bozza* v. *United States, supra.*

ment. See *Emerson* v. *Boyles,* 170 Ark. 621, 280 S.W. 1005 (1926).

We have carefully considered all cases cited by appellants, including *Johnson* v. *State,* 249 Ark. 208, 458 S.W. 2d 409 (1970), on which appellants heavily rely, and find them not in point with the case before us.

The judgment is affirmed.