Seymour Jameel ABDULLAH *v.* STATE of Arkansas

CR 86-123                    720 S.W.2d 902

Supreme Court of Arkansas
Opinion delivered December 22, 1986
[Rehearing denied February 16, 1987.]

*Thomas M. Carpenter*, for appellant.

*Steve Clark*, Att'y Gen., by: *Lee Taylor Franke*, Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. The appellant, Seymour Jameel Abdullah, a/k/a Seymour F. Cotton, Jr., filed a petition for Rule 37 relief from the revocation in 1974 of his suspended sentence. In his petition he argued that the court which revoked his suspended sentence had no jurisdiction to order him to serve that sentence consecutively to a separate sentence from another county. The trial court denied the petition. It is from that order that this appeal is brought. We affirm.

September 9, 1969, Abdullah pled guilty in Cross County Circuit Court to burglary and grand larceny. The trial judge imposed a fifteen year sentence which was suspended, conditioned on good behavior.

Abdullah committed armed robbery in St. Francis County, Arkansas, on January 5, 1973, and was sentenced on August 23, 1973 to 28 years imprisonment. On July 20 of that year, a petition to revoke the fifteen year suspended sentence was filed. That petition was granted on February 5, 1974, and Abdullah was ordered to serve the fifteen years consecutive to the twenty-eight

year sentence imposed in St. Francis County for the armed robbery.

In July of 1977, Abdullah filed a "Motion to Have Sentence Thrown Out Or In Alternative Consolidated With a Current Sentence from Another County" which is not in the record, but apparently was treated as a Rule 37 petition. The order, which is in the record, denied relief pursuant to Rule 37.3(a). No appeal was taken.

Abdullah filed a Rule 37 petition on October 26, 1982, which was denied on November 10 because it was filed more than three years from the date of commitment which is prohibited by Rule 37.2(c). A notice of appeal was filed but the appeal was never perfected.

Another Rule 37 petition was filed by Abdullah *pro se* on January 30, 1986, which was denied February 5 on the grounds that it too was filed more than three years after the commitment. A notice of appeal was filed on February 24, 1986. The trial judge entered an amended judgment and commitment on April 30, 1986 nunc pro tunc to February 4, 1974 which held that the suspended sentence ran from the date of judgment, not the date of revocation, and gave appellant credit for the four years, four months and twenty four days that had passed between the date of judgment and the date of revocation.

In this appeal, Abdullah contends that the trial court had no jurisdiction to order that the St. Francis County sentence run consecutively to the revoked Cross County suspended sentence. That is not what the trial judge directed. The trial judge actually ordered:

> . . . the Clerk of the Court be and is hereby ordered and directed to issue penitentiary commitment committing said Defendant to the Arkansas Department of Correction for a term of fifteen (15) years; it is further ordered that said sentence be served consecutive to the sentence presently being served by the Defendant in St. Francis County Circuit Court, Criminal Division, Cause No. 8175.

Appellant was already serving the St. Francis County sentence when the Cross County sentence was revoked. It was the Cross County sentence which was ordered served consecutively to the

St. Francis County sentence.

■ Nevertheless, the question of whether two separate sentences should run consecutively or concurrently lies solely within the province of the trial court. *Graham* v. *State*, 254 Ark. 741, 495 S.W.2d 864 (1973); Ark. Stat. Ann. § 41-903 (Repl. 1977). Given that discretion, there is nothing on the face of this judgment and commitment that makes it appear illegal.

■ Abdullah contends that because the manner of imposing the suspended sentence was illegal, it is subject to being corrected at any time, citing Ark. Stat. Ann. § 43-2314 (Supp. 1985). That statute provides that a circuit court may, upon receipt of a petition by an aggrieved party, take certain corrective action. The statute refers to an "illegal sentence," which may be corrected at any time, and to a sentence illegally imposed, which may be corrected within 120 days after it was imposed or within 120 days after specified action has been taken by an appellate court. The reference to an illegal sentence evidently means a sentence illegal on its face. Otherwise a sentence might be attacked on the basis of some underlying reason many years later, after the necessary testimony was no longer available. Abdullah's sentence did not appear to be illegal on its face. Accordingly, Abdullah's remedy under the statute he cites was to petition the court for relief within 120 days of sentencing. This statute was not in effect when Abdullah was sentenced, however, so this remedy was not available and he is therefore not entitled to challenge his sentence now.

■■ Abdullah's petition was filed pursuant to Rule 37. Rule 37.2(c) provides that a petition claiming relief under this rule must be filed within three years of the date of commitment, unless the ground for relief would render the judgment of conviction absolutely void. *Collins* v. *State*, 271 Ark. 825, 611 S.W.2d 182 (1981). For the reasons stated, we find Abdullah's conviction was not void and therefore his petition, which was filed in 1986, twelve years after the sentence was imposed, was not filed in a timely manner.

Appellant argues that since Rule 37.2(c) was not amended to provide for the three year limitation until 1978, that applying this rule to him would violate the ex post facto prohibition. See *Weaver* v. *Graham, Gov. of Florida*, 450 U.S. 24 (1980).

Although the three year limitation was not in effect when appellant was sentenced, his action was not timely filed even if we allowed him three years from the date the rule was amended in 1978. *See Locklear* v. *State*, 290 Ark. 70, 716 S.W.2d 766 (1986). The petition was properly denied on this basis by the trial court.

Affirmed.