Willie B. JONES *v.* STATE of Arkansas

CA CR 88-201                                        765 S.W.2d 15

Court of Appeals of Arkansas
Opinion delivered February 22, 1989

*Steve Inboden,* for appellant.

*Steve Clark,* Att'y Gen., by: *Jeannette Denhammcclendon,* Asst. Att'y Gen., for appellee.

PER CURIAM. The appellant in this criminal case was originally charged with aggravated assault, resisting arrest and criminal mischief. On August 18, 1987, he entered a guilty plea to all three charges and was placed on supervised probation for a period of three years. The judgment, commitment order, and the "guilty plea statement" recited various conditions of the probation and further stated that violation of the conditions could result in imprisonment for a period of from 0 to 6 years and a fine of $10,000.00. On May 17, 1988, the trial court revoked the appellant's probation and sentenced him to 10 years on the aggravated assault charges. His retained attorney, Steve Inboden, has filed a brief and motion to be relieved as counsel, citing *Anders* v. *California,* 386 U.S. 739 (1967), and Rule 11(h) of the

Rules of the Supreme Court and Courts of Appeals, stating that he believes the appeal to be without merit. An abstract of the proceedings, a statement of the case, and an affidavit of no-merit were filed by Mr. Inboden. However, he has failed to properly abstract the record and has failed to brief matters in the record that may arguably support an appeal, as required by the Arkansas Supreme Court and Court of Appeals Rules of Appellate Procedure, Rule 11(h). The Attorney General's Office has supplied a list of the appellant's objections, properly abstracted the record, and submitted a brief concurring with Mr. Inboden's opinion that the appeal was without merit.

However, a no-merit appeal brief written almost entirely by the State does not comport with the constitutional requirements of equal protection and due process set out in *Anders* v. *California*, 386 U.S. 739 (1967), and *Evitts* v. *Lucey*, 469 U.S. 387 (1985), or with the requirements of Rule 11(h). *House* v. *State*, 20 Ark. App. 28, 722 S.W.2d 886 (1987). In *Anders*, the United States Supreme Court stressed the importance of the attorney in his role as an advocate.

> The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of amicus curiae.

386 U.S. at 743-744. Furthermore, the procedure for handling no-merit appeals applies in the case of both retained and appointed counsel. *House, supra; Roberts* v. *State*, 705 S.W.2d 803 (Tex. App. 1986). Because it is arguable that affirming a conviction wholly on the strength of a brief drafted by the State would constitute a denial of the due process right to effective assistance of counsel, we direct that Mr. Inboden comply with the requirements of *Anders* and Rule 11(h), by filing a proper brief.

We also direct that this case be rebriefed by both Mr. Inboden and the State on an issue not mentioned by either side. As noted earlier, the appellant pled guilty to aggravated assault and was placed on probation for three years. When the trial court revoked the appellant's probation, it sentenced the appellant to ten years. However, aggravated assault is a class D felony, Ark. Code Ann. § 5-13-204 (1987) (formerly Ark. Stat. Ann. § 41-1604 (Repl. 1977)), and the maximum sentence for a class D

felony is six years. Ark. Code Ann. § 5-4-401(a)(5)(1987) (formerly Ark. Stat. Ann. § 41-901(1)(e) (Supp. 1985)).

Recently the Arkansas Supreme Court has reviewed cases involving illegal sentences despite the absence of an objection below. In those cases, the Court has compared the illegal sentence issue to one involving subject matter jurisdiction, which may be raised at any time. *Howard* v. *State*, 289 Ark. 587, 715 S.W.2d 440 (1986); *Lambert* v. *State*, 286 Ark. 408, 692 S.W.2d 238 (1985). We wish to emphasize that a circuit court acting in excess of its authority in sentencing is not a matter of subject matter jurisdiction. *Banning* v. *State*, 22 Ark. App. 144, 737 S.W.2d 167 (1987). However, when a court has imposed an illegal sentence on a defendant, then we will review it regardless of whether an objection was raised below. An illegal sentence is one which is illegal "on its face." *Abdullah* v. *State*, 290 Ark. 537, 720 S.W.2d 902 (1986). Therefore, we could raise the issue on our own. However, since the case must be rebriefed, we choose to obtain the benefit of *both* counsel's arguments as to the propriety of the sentence imposed.

The appellant is directed to file a new brief on or before March 15, 1989, with the State's brief being due on or before April 1, 1989, and the appellant's reply brief due April 12, 1989.

Rebriefing ordered.