STATE of Arkansas *v.* Dameioun Laron TOWNSEND

CR 93-317 863 S.W.2d 288

Supreme Court of Arkansas
Opinion delivered October 18, 1993

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellant.

*William R. Simpson, Jr.*, Public Defender, by: *Don Thompson*, Deputy Public Defender, for appellee.

ROBERT H. DUDLEY, Justice. In 1992, appellee was arrested and found to be in possession of 4.754 grams of a cocaine based substance. In January of 1993, he pleaded guilty to possession of a controlled substance with intent to deliver. The trial court imposed a sentence of ten years for the crime, but suspended the execution of eight years of the sentence. The State objected to the suspension of part of the sentence and argued that the applicable 1992 statutes, Ark. Code Ann. §§ 5-64-401(a)(1)(i) (Supp. 1991) & 5-4-301(a)(1)(f) (Supp. 1991), required the trial court to sentence appellee to serve not less than ten years in the penitentiary and that the applicable statutes provided that the sentence could not be suspended. The trial court overruled the State's objection, and the State appeals from the ruling. The ruling was in error. We reverse and remand.

Pursuant to A.R.Cr.P. Rule 36.10(c), we will accept appeals by the State when our holding will set a precedent that would be important to the correct and uniform administration of justice. The first question presented is whether this is such a case. Act 192 of 1993, which became effective on August 13, 1993, or after the sentence was fixed, amends the applicable 1992 statute to allow a trial judge to do just what the trial court did in this case. The 1993 Act is entitled "An Act To Amend Arkansas Code 5-4-104 and 301 To Allow The Suspension Of Sentences For Certain Drug Offenses; And For Other Purposes." It is clear that this case would not be important to the uniform administration of justice if the trial court could, upon remand, resentence the defendant in the same manner as was done the first time.

The State argues that the statute in effect on the date

of the crime was committed is the statute that must govern sentencing, *see Hunter* v. *State*, 278 Ark. 428, 645 S.W.2d 954 (1983), and, at the time this crime was committed, the trial court could not suspend the sentence. The State additionally argues that, in the absence of a provision stating that an act will apply retroactively, the Act will apply prospectively only. *See Arkansas Fire and Police Pension Review Bd.* v. *Stephens*, 309 Ark. 537, 832 S.W.2d 239 (1992). The State has correctly stated the general rules that are applicable when punishment is enhanced in any manner. If it were otherwise, a penalty might be increased after a crime had been committed in violation of the ex post facto prohibition. *See* Ark. Const. art. 2, § 17. However, in this case the General Assembly *reduced* the penalty after the crime was committed, but before resentencing can be had. In the past we have held that when the General Assembly amends an act to *reduce* the punishment after the commission of an offense, but before sentencing, the sentence is to be fixed at the reduced punishment in accordance with the amended act. *Clark* v. *State*, 246 Ark. 876, 440 S.W.2d 205 (1969). If we hold that the trial court erred in construing the statutes in effect at the time of the commission of the crime, we will remand for resentencing, and, if we follow *Clark* v. *State*, and hold that the trial court could impose the very same sentence that it fixed originally, we would do nothing for the uniform administration of justice. We would have only performed a vain and useless act, and the law does not require vain and useless acts. *Logan* v. *State*, 299 Ark. 266, 773 S.W.2d 413 (1989) (supplemental opinion denying rehearing). Thus, the first issue is whether *Clark* v. *State* is still controlling.

 The Arkansas Criminal Code, enacted in 1975, had, among its purposes, statewide uniformity in sentencing. Ark. Code Ann. § 5-4-104, a part of the criminal code, sets out a comprehensive list of the dispositions available to the sentencing court. Ark. Code Ann. § 5-4-104(a) (1987) provides that a convicted defendant shall not be "sentenced otherwise than in accordance with this chapter." By case law we expanded the literal meaning of the quoted language to say that statutes that define a criminal offense and also possess their own sentencing provisions will control over the general code language. *Lovell* v. *State*, 283 Ark. 425, 678 S.W.2d 318, *rehearing denied*, 283 Ark. 434, 678 S.W.2d 318 (1984). Since the enactment of the code, we

have consistently held that sentencing shall not be other than in accordance with the statute in effect at the time of the commission of the crime, *Hunter* v. *State*, 278 Ark. 428, 645 S.W.2d 954 (1983), and that sentencing is now controlled entirely by statute, *Easley* v. *State*, 274 Ark. 215, 623 S.W.2d 189 (1981). Thus, the criminal code sentencing provisions supplanted the case law of *Clark* v. *State* on sentencing. Consequently, the holding in this case will affect the uniform administration of justice since there are other cases in the same posture as this one.

■ The State's argument on the merits is valid. At the time the defendant committed the crime, the applicable statutes provided that the trial court was required to sentence him to serve not less than ten years in the penitentiary, and that sentence could not be suspended. The defendant pleaded guilty on January 25, 1993, to possession of cocaine with intent to deliver. The penalty for that crime at the time was set out in Ark. Code Ann. § 5-64-401 (a)(1) (i) (Supp. 1991) as follows:

> (a) Except as authorized by subchapters 1-6 of this chapter, it is unlawful for any person to . . . *possess with intent to manufacture or deliver* a controlled substance.

> (1) *Any person who violates this subsection with respect to:*

> (i) A controlled substance . . . *shall be imprisoned for not less than (10) years nor more than forty (40) years, or life, and shall be fined an amount not exceeding twenty-five thousand dollars.* . . . [Emphasis added.]

Ark. Code Ann. § 5-4-301 (a)(1)(F) (Supp. 1991), in effect at the time, prohibits suspension of the sentence as follows:

> A court shall not suspend imposition of sentence as to a term of imprisonment nor place the defendant on probation for the following offenses:

> Drug related offenses under the Uniform Controlled Substances Act. . . .

The defendant was convicted under the provisions of the Uniform Controlled Substances Act. Thus, the trial court erred in suspending a part of the sentence that had been imposed.

The defendant gives a number of arguments for upholding the trial court. We summarily dismiss those arguments by stating that the statute is clear, and there is no need for construction or interpretation of the statute. The statutes in effect at the time provided that the sentence imposed could not be suspended. Resentencing on remand is not prohibited by former jeopardy considerations. *See Lambert* v. *State*, 286 Ark. 408, 692 S.W.2d 238 (1985) and *Caldwell* v. *State*, 268 Ark. 713, 595 S.W.2d 253 (1980). Thus, we remand for resentencing.

Reversed and remanded.