STATE of Arkansas *v.* Samuel Lee WHALE

CR 93-591                                           863 S.W.2d 290

Supreme Court of Arkansas
Opinion delivered November 1, 1993
[Rehearing denied December 6, 1993.]

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellant.

*William R. Simpson, Jr.*, Public Defender, by: *Llewellyn J. Marczuk*, Deputy Public Defender, for appellee.

STEELE HAYS, Justice. The State of Arkansas brings this appeal pursuant to Ark. R. Crim. P. 36.10(c). Appellant, Samuel Lee Whale, was charged with two felony offenses: possession of less than twenty-eight grams of cocaine with intent to deliver and conspiracy to deliver cocaine. In a bench trial Whale was convicted of possession and acquitted of conspiracy.

At sentencing, over the specific objection of counsel for the state, the circuit judge sentenced appellant pursuant to the provisions of the Alternative Service Act, Ark. Code Ann. § 16-93-501-10 (Supp. 1991), by suspending imposition of sentence for three years and levying a fine of $2,000.

The state objected to this disposition of the case on the ground that intent to deliver a Schedule II controlled substance (cocaine) is a Class Y felony and a minimum sentence of ten years was obligatory under Ark. Code Ann. §§ 5-4-301(a)(1)(F) (Supp. 1991) and 5-4-104(e)(1)(F) (Supp. 1991).

In its brief the state points out, as it did in *State* v. *Townsend*, CR93-317, decided October 18, 1993, that Act 192 of 1993 amends § 5-4-301(a)(1)(F) and § 5-4-104(e)(1)(F) so as to remove language from the two statutes which prohibits trial courts from imposing suspended imposition of sentence or probation on controlled substance offenders. The state further points out that Act 192 does not apply in this case because it does not provide for retroactive application and thus its operation is prospective only. *See Redmon* v. *State*, 265 Ark. 774, 580 S.W.2d 945 (1975); *Degler* v. *State*, 257 Ark. 388, 517 S.W.2d 515 (1974).

The state's contention must be sustained. We addressed this identical issue just two weeks ago in *State* v. *Townsend,* 314 Ark. 427, 863 S.W.2d 288 (1993), and, for the reasons there stated, the case is remanded for resentencing.

Reversed and remanded.