STATE of Arkansas *v.* Freddie Jerome WILLIAMS

CR 93-870                                                    868 S.W.2d 461

Supreme Court of Arkansas
Opinion delivered January 10, 1994

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst.

Att'y Gen., for appellant:

*William R. Simpson, Jr.*, Public Defender, by: *Don Thompson*, Deputy Public Defender, for appellee.

JACK HOLT, JR., Chief Justice. Pursuant to Ark. R. Crim. P. 36.10(c), the State of Arkansas brings this appeal, contending that the sentencing of appellee, Freddie Jerome Williams, to three years probation for possession of 2.677 grams of cocaine with intent to deliver was error. We agree with the State, reverse the findings of the trial court, and remand for resentencing.

On June 4, 1992, Pulaski County Sheriff's Department deputies placed Williams under arrest for possession of what appeared to be rock cocaine. Tests by the crime lab revealed that the "rocks" were 2.677 grams of seventy-seven percent cocaine base.

On May 21, 1993, Williams pleaded guilty to a charge of violating Ark. Code Ann. § 5-64-401, possession of a controlled substance with intent to deliver. At sentencing, over the objection of the prosecutor, the circuit judge sentenced Williams pursuant to the provisions of the Alternative Service Act, Ark. Code Ann. § 16-93-501–10 (Supp. 1991), to "three years' supervised probation at the Watershed program . . . You're to show proof to this office of attendance. You're further to submit to random drug testing and report weekly to this probation office. You're fined Two Hundred Dollars plus costs."

The State objected to this disposition of the case on the ground that intent to deliver cocaine is a Class Y felony and a minimum sentence of ten years is mandatory under Ark. Code Ann. §§ 5-4-301(a)(1)(F) (Supp. 1991) and 5-4-104(e)(1)(F) (Supp. 1991).

Williams points out that Act 192 of 1993 amends § 5-4-301(a)(1)(F) and § 5-4-104(e)(1)(F) to remove the language from the two statutes which prohibited trial courts from imposing suspended imposition of sentence or probation of controlled substance offenders. This is true. However, his argument ignores the fact that the statute in effect on the date the crime was committed is the statute that must govern sentencing, *State* v. *Townsend*, 314 Ark. 427, 863 S.W.2d 288 (1993); *Hunter* v. *State*, 314 Ark. 427, 645 S.W.2d 954 (1983), and in the absence of a

provision stating that an act will apply retroactively, the act will apply prospectively only. *Townsend, supra.*

Act 192 of 1993 became effective on August 13, 1993 — more than a year after the crime was committed and even some months after the sentence in this case was fixed. As we have stated on several occasions, Act 192 does not provide for retroactive application, and, thus, its operation is prospective only.

These same issues were addressed a short while ago in *State v. Whale,* 314 Ark. 576, 863 S.W.2d 290 (1993) and *Townsend, supra,* and in both instances, we remanded the cases for resentencing. Although we have set a precedent in these cases as to the prospective application of Act 192 of 1993, we consider it appropriate to accept this appeal by the State under Ark. R. Crim. P. 36.10(c) in order to perpetuate uniformity in sentencing. Evenhandedness on the part of our sentencing courts is necessary for the proper administration of justice.

Reversed and remanded for resentencing.