David L. EBERLEIN, Jr. *v.* STATE of Arkansas

CR 93-32                                          869 S.W.2d 12

Supreme Court of Arkansas
Opinion delivered January 24, 1994

*Dennis R. Molock,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Clint Miller,* Senior Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant, David L. Eberlein, Jr., was convicted after an Arkansas Circuit Court bench trial of four counts of delivery of marijuana, a schedule VI controlled substance. At the conclusion of the trial on March 24, 1992, the court did not pronounce guilt. On April 13, 1992, the court filed an order finding appellant guilty on all counts. On June 12, 1992, a judgment order was filed in which the court imposed ten year sentences for each of the four counts to run consecutively, the last ten years suspended. There was no sentencing hearing, though the April order set out that sentencing would be postponed until a presentence report could be generated.

Appellant appeals the judgments of conviction based upon

the lack of a sentencing hearing. Appellant additionally argues that the trial court lacked authority to suspend one of the ten year sentences. The sentences imposed were illegal. We reverse and remand for a sentencing hearing with directions to the court to impose sentences without suspension.

The right to be present at sentencing is critical and vital to our criminal law system. In Lowery v. State, 297 Ark. 47, 759 S.W.2d 545 (1988), the fundamental right to be present at sentencing was emphasized and upheld.

> [W]e are unwilling to hold that the fundamental right to be present at sentencing was knowingly waived in the absence of language specifically advising an accused that he is subject to being sentenced prospectively without his being present.

Id. at 49, 759 S.W.2d at 546. From reading the abstract of the trial, all parties were under the impression that a sentencing hearing would be forthcoming, and no other indication is reflected in the record.

Appellant relies on a defendant's right to be sentenced in open court as reversible error. Appellee agrees that though one should be sentenced in open court, one must raise an issue in the trial court before this court will consider it on appeal. Willis v. State, 299 Ark. 356, 772 S.W.2d 584 (1989). However, in the instant case no opportunity to object ever arose. After appellant presented his case, the prosecuting attorney declined rebuttal. The prosecuting attorney then made the following remark:

> I would assume this would be bifurcated and at some point if there's a determination of guilt I need to offer this into evidence.

The trial of appellant's wife began at that time, and the transcript with regard to appellant ends. Though the court noted it would need a presentence report before sentencing in its April order finding guilt, no formal hearing was held after trial. This was error.

Appellee relies on Willis, 299 Ark. 356, 772 S.W.2d 584, for the proposition that appellant must have objected to preserve the right of review. In that case, two appellants were convicted

after a bench trial, and they argued to this court that the convictions should have been reversed because the trial judge failed to formally pronounce the verdict of guilty. This case can be distinguished, though, as the current appeal concerns the right of a defendant to be present for sentencing as well as pronouncement of guilt. The court in *Willis* also noted that no objection was made, whereas in the instant case no opportunity to object ever arose. If an objection were required, it would in many cases preclude the availability of the remedy. *Lowery*, 297 Ark. 47, 759 S.W.2d 545.

■ For his other point for reversal, appellant argues that the trial court lacked authority to suspend imposition of one of the ten year sentences, and appellee agrees. Appellant argues that because he had been convicted of two prior felonies, his sentence could not be suspended. Appellee points out that under Arkansas law then in effect, those convicted of certain drug related offenses were not eligible for suspended sentences. *Whitener v. State*, 311 Ark. 377, 843 S.W.2d 853 (1992). Delivery of marijuana was included in those offenses. There appears to be no dispute that the trial court exceeded its authority, and we concur that the trial court erred. This court has repeatedly held that sentencing is entirely a matter of statute. *State v. Freeman*, 312 Ark. 34, 846 S.W.2d 660 (1993). If the General Assembly sets a constitutional sentencing guide for an offense, the trial court has no authority to suspend it. *Id.*

■ If the original sentence is illegal, even though partially executed, the sentencing court may correct it at any time. *Bangs v. State*, 310 Ark. 235, 835 S.W.2d 294 (1992); *Lambert v. State*, 286 Ark. 408, 692 S.W.2d 238 (1985). Resentencing upon remand is not prohibited by former jeopardy considerations. *State v. Townsend*, 314 Ark. 427, 863 S.W.2d 288 (1993).

Reversed and remanded.