Billy Joe COOK *v.* STATE of Arkansas

CA CR 93-740                                        878 S.W.2d 765

Court of Appeals of Arkansas
En Banc
Opinion delivered June 22, 1994

*Robert P. Remet*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., for appellee.

JOHN E. JENNINGS, Chief Judge. Appellant, Billy Joe Cook, was charged in Arkansas County Circuit Court with the commission of rape, a class Y felony. After a non-jury trial Cook was found guilty and sentenced by the court to a term of twelve years with eight years suspended. The sole argument on appeal is that the evidence was insufficient to support the verdict. We affirm.

In determining the sufficiency of the evidence, we

view it in the light most favorable to the State. *Cleveland* v. *State*, 315 Ark. 91, 865 S.W.2d 285 (1993). If the decision of the court or jury is supported by substantial evidence, we will affirm. *Paige* v. *State*, 45 Ark. App. 13, 870 S.W.2d 771 (1994). Substantial evidence means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Edwards* v. *State*, 40 Ark. App. 114, 842 S.W.2d 459 (1992).

At trial the victim testified, with sufficient clarity, that the appellant had raped her. Although the defendant testified to the contrary, decisions as to the credibility of the witnesses are to be made by the trier of fact. *Smith* v. *State*, 314 Ark. 448, 863 S.W.2d 563 (1993). Although there was other corroborating evidence here, the testimony of the victim, standing alone, may constitute substantial evidence. *Fox* v. *State*, 314 Ark. 523, 863 S.W.2d 568 (1993). We hold that the appellant's conviction is supported by substantial evidence.

While the State neither appealed nor cross-appealed, it suggests in its brief that we correct an "illegal sentence" imposed by the trial court. The State says:

> The trial court sentenced appellant to twelve years in prison, but suspended eight years of the sentence. This sentence is not authorized by law and, although not objected to below, may be raised on appeal. *Jones* v. *State*, 27 Ark. App. 24, 765 S.W.2d 15 (1989). The State respectfully requests that the case be remanded to the trial court only to correct this sentence in accordance with law and that the conviction be in all respects affirmed.

The State correctly notes that rape is a class Y felony, carrying a minimum sentence of ten years imprisonment. Ark. Code Ann. § 5-4-401(a)(1) (1987). Arkansas Code Annotated section 5-4-301(a)(1)(C) (Supp. 1991) provides that the court shall not suspend imposition of sentence as to a term of imprisonment nor place the defendant on probation for a class Y felony.

While we agree with the State at the outset that the sentence given was below the statutory minimum, and therefore was error, we do not agree that this is an issue the State may raise in the absence of an appeal.

■ We must begin with the rule that sentencing is entirely a matter of statute. *Eberlein* v. *State*, 315 Ark. 591, 869 S.W.2d 12 (1994); *State* v. *Townsend*, 314 Ark. 427, 863 S.W.2d 288 (1993); *State* v. *Freeman*, 312 Ark. 34, 846 S.W.2d 660 (1993); *Richards* v. *State*, 309 Ark. 133, 827 S.W.2d 155 (1992). The sentence the court imposed was clearly "illegal" in the sense that it was below the statutory minimum. The question for decision, however, is whether we should reverse the trial court, either on our own motion or on suggestion by the State, absent an appeal.

■■ This is not truly an issue of subject matter jurisdiction. As Chief Judge Cracraft explained in *Banning* v. *State*, 22 Ark. App. 144, 737 S.W.2d 167 (1987):

The rule of almost universal application is that there is a distinction between want of jurisdiction to adjudicate a matter and a determination of whether the jurisdiction should be exercised. Jurisdiction of the subject matter is power lawfully conferred on a court to adjudge matters concerning the general question in controversy. It is power to act on the general cause of action alleged and to determine whether the particular facts call for the exercise of that power. Subject matter jurisdiction does not depend on a correct exercise of that power in any particular case. If the court errs in its decision or proceeds irregularly within its assigned jurisdiction, the remedy is by appeal or direct action in the erring court. If it was within the court's jurisdiction to act upon the subject matter, that action is binding until reversed or set aside. This distinction has also been recognized and applied in our courts.

In Arkansas, a circuit court has subject matter jurisdiction to hear and determine cases involving violations of criminal statutes. It is also empowered with authority to impose or suspend sentences, and to revoke those suspended sentences. The statutes conferring this authority prescribe the method the court should follow in exercising its assigned jurisdiction, but the failure of the court to properly pursue those statutes is an entirely different matter from its jurisdiction to determine whether to exercise that power or not. Failure to follow the statutory procedure in the exercise of its power constitutes reversible error

but does not oust the jurisdiction of the court. [Citations omitted.]

Nevertheless, allegations of "void or illegal sentences" may be treated by the appellate court as similar to problems of subject matter jurisdiction, in that the court will review the allegations even in the absence of an objection in the trial court. *Jones* v. *State*, 27 Ark. App. 24, 765 S.W.2d 15 (1989).

The supreme court has said that an illegal sentence may be corrected by the appellate courts sua sponte, *see Harmon* v. *State*, 317 Ark. 47, 876 S.W.2d 240 (1994); and that an "illegal sentence" means "a sentence illegal on its face." *Lovelace* v. *State*, 301 Ark. 519, 785 S.W.2d 212 (1990). The decision from which these statements are derived is *Abdullah* v. *State*, 290 Ark. 537, 720 S.W.2d 902 (1986). There the court said:

> Abdullah contends that because the manner of imposing the suspended sentence was illegal, it is subject to being corrected at any time, citing Ark. Stat. Ann. § 43-2314 (Supp. 1985). That statute provides that a circuit court may, upon receipt of a petition by an aggrieved party, take certain corrective action. The statute refers to an "illegal sentence," which may be corrected at any time, and to a sentence illegally imposed, which may be corrected within 120 days after it was imposed or within 120 days after specified action has been taken by an appellate court. The reference to an illegal sentence *evidently* means a sentence illegal on its face. [Emphasis ours.]

Arkansas Statute Annotated section 43-2314 is now Ark. Code Ann. § 16-90-111 entitled "Fixing punishment - Correction of illegal sentence - Reduction of sentence." Its text remains unchanged. Subsection (a) provides:

> Any circuit court, upon receipt of petition by the aggrieved party for relief and after notice of the relief has been served on the prosecuting attorney, may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided in this section for the reduction of sentence.

It is this statute that the supreme court referred to in *Abdullah*.

The statute quite clearly provides for relief to a defendant when the sentence imposed has been excessive. In such cases, it makes good sense for the appellate court to decide the issue "sua sponte" in the interest of judicial economy, as the sentencing circuit court could do so "at any time." The statute does not contemplate an application by the prosecuting attorney to increase the defendant's sentence "at any time."

We do not view the statute as unfair to the State. At time of sentencing the State presumably knows the range of punishment for the offense it charged. If the trial court sentences the defendant to less than the term authorized by statute, the State has a remedy by way of appeal. *State* v. *Galyean*, 315 Ark. 699, 870 S.W.2d 706 (1994); *State* v. *Williams*, 315 Ark. 464, 868 S.W.2d 461 (1994); *State* v. *Whale*, 314 Ark. 576, 863 S.W.2d 290 (1993); *State* v. *Townsend*, 314 Ark. 427, 863 S.W.2d 288 (1993).

Neither *Lambert* v. *State*, 286 Ark. 408, 692 S.W.2d 238 (1985), nor *Eberlein* v. *State*, 315 Ark. 591, 869 S.W.2d 12 (1994), are in point. *Lambert* addressed whether the trial court had lost jurisdiction after erroneously suspending the defendant's sentences. While the court in *Lambert* characterized the issue as one of subject matter jurisdiction, later decisions of the supreme court recognize that this is not so. *Bangs* v. *State*, 310 Ark. 235, 835 S.W.2d 294 (1992). The court in *Lambert* relied in part on *In Re Bonner*, 151 U.S. 242 (1893). In *Bonner* the Court said:

> If the court is authorized to impose imprisonment, and it exceeds the time prescribed by law, the judgment is *void for the excess.*
>
> . . .
>
> The law of our country takes care, or should take care, that not the weight of a judge's finger shall fall upon any one except as specifically authorized. [Emphasis ours.]

*Eberlein* is also distinguishable. There the defendant-appellant, for reasons not clear, argued that the trial court lacked authority to suspend his sentence and the supreme court agreed. The issue was raised by the defendant on direct appeal.

The State's argument must be that the inadequate sentence in the case at bar was "unauthorized," therefore "illegal," and

thus can be corrected "at any time," not only by the trial court but also by this court. Can it be possible that long after a defendant's release from prison, having served his sentence for a crime, he can be brought back into court and resentenced to an additional term?

■ While we do not decide whether the State must object in the trial court to a sentence it regards as inadequate, we hold that the issue may not be raised absent an appeal or cross-appeal.

ROGERS and PITTMAN, JJ., concur.

COOPER and ROBBINS, JJ., concur in part; dissent in part.

JUDITH ROGERS, Judge, concurring. I am in full agreement with the result reached in the opinion authored by Chief Judge Jennings; however, I write separately to express my view as to the reason that we do not, and cannot, address the State's argument requesting the correction of the illegal sentence.

As pointed out by Judge Jennings, when a trial court imposes an illegal sentence, one that is not authorized by statute, it is treated as a matter similar to that of subject matter jurisdiction. *Jones* v. *State*, 27 Ark. App. 44, 765 S.W.2d 15 (1989). In keeping with the standards applicable to a question of subject matter jurisdiction, we, as an appellate court, will address the appealing party's argument alleging that such an illegal sentence has been imposed, despite the absence of an objection below, and also we, as an appellate court, may raise the issue on our own, *sua sponte. Id.* This state of affairs exists because, as stated, the imposition of such an illegal sentence is akin to the question of the trial court's subject matter jurisdiction. However, as the majority recognizes, in this instance it is not truly an issue of subject matter jurisdiction. *Cf., e.g., Harmon* v. *State*, 317 Ark. 47, 876 S.W.2d 240 (1994); *Coones* v. *State*, 280 Ark. 321, 657 S.W.2d 553 (1983) (where the trial court loses jurisdiction to the executive branch upon the execution of a valid sentence).

The dissent maintains that we should redress the State's claim of error in this case because we can raise the issue of an illegal sentence *sua sponte*, or address such arguments when made for the first time on appeal. The fundamental distinction to be made here, however, is that we, in this court, must first pos-

sess the authority to act in order to review the action of the trial court. In other words, this court must first have jurisdiction before we can raise an issue on our own or review this claim of error when no objection has been made. Because the State did not appeal from the judgment, we have no jurisdiction to redress the State's argument, and without jurisdiction the standards relied upon by the dissent simply do not come into play.

As is noted in Judge Jennings' opinion, the State can appeal from a judgment imposing a sentence which is less than the term authorized by statute. *See State v. Whale*, 314 Ark. 576, 863 S.W.2d 290 (1993); *State v. Townsend*, 314 Ark. 427, 863 S.W.2d 288 (1993); Ark. R. Crim. P. 36.10. Thus, in light of the appellant's direct appeal, the State might have contested the admittedly illegal sentence by pursuing a cross-appeal from the judgment. Significantly, however, it did not choose that avenue of relief. As a consequence, the issue is simply not properly before us because, in the absence of a cross-appeal, we are without jurisdiction to entertain the argument.

It is necessary for an appellee to file a cross-appeal from a trial court's order when the appellee is seeking affirmative relief, something more than it received in the lower court. *Hasha v. City of Fayetteville*, 311 Ark. 460, 845 S.W.2d 500 (1993); *Independence Federal Savings & Loan Ass'n. v. Davis*, 278 Ark. 387, 646 S.W.2d 336 (1983); *Moose v. Gregory*, 267 Ark. 86, 590 S.W.2d 662 (1979). Since the State here, as appellee, is seeking affirmative relief, it was required to file a cross-appeal from the judgment. It is a matter of routine appellate procedure that we do not address issues raised by an appellee when no cross-appeal has been filed. *City of Marion v. Baioni*, 312 Ark. 423, 850 S.W.2d 1 (1993); *Edwards v. Neuse*, 312 Ark. 302, 849 S.W.2d 479 (1993); *Pledger v. Illinois Tool Works, Inc.*, 306 Ark. 134, 812 S.W.2d 101 (1991); *Hasha v. City of Fayetteville, supra*; *Brown v. Minor*, 305 Ark. 556, 810 S.W.2d 334 (1991); *Egg City of Arkansas v. Rushing*, 304 Ark. 562, 803 S.W.2d 920 (1991); *Independence Federal Savings & Loan Ass'n. v. Davis, supra*; *Elcare, Inc. v. Gocio*, 267 Ark. 605, 593 S.W.2d 159 (1980); *Tim Wargo & Sons v. Equitable Life Ass. Soc'y.*, 34 Ark. App. 216, 809 S.W.2d 375 (1991); *Broadhead v. McEntire*, 19 Ark. App. 259, 720 S.W.2d 313 (1986). This is so because we are without jurisdiction to do so. *Brown v. Minor*, 305 Ark. 134, 812 S.W.2d 101 (1991).

Since we lack jurisdiction, our declination to address the issue is unquestionably not a matter of favoring appellants in criminal cases over the interests of the State. When a criminal defendant has appealed from the judgment of the lower court, he or she has invoked the jurisdiction of this court which thereby enables us to grant affirmative relief. We are then at liberty to review the question of an illegal sentence imposed to his or her detriment, by raising the issue on our own and without an objection below. Had the State taken a cross-appeal from the judgment in this case, we would then be in a position to address the argument, regardless of whether it was being raised for the first time on appeal. Unfortunately, the State has not availed itself of a remedy before this court, and we are not able to reach the issue. I am in agreement, therefore, with the holding that, absent an appeal, we cannot address the issue of the illegal sentence raised by the State in its brief.

Although I, as a judge on this court, am in no position to interpret the statute, it appears that the State is not left without a remedy as it might pursue relief under Ark. Code Ann. § 16-90-111 (Supp. 1991). I am in agreement with the dissenting view that any questions concerning the meaning of the words contained in the statute, "at any time," are of no concern to us in the instant case.

I am authorized to state that Judge John Mauzy Pittman joins in this opinion.

JAMES R. COOPER, Judge, concurring in part, dissenting in part. Today the majority travels a narrow, tortuous path to get to the wrong result, avoiding the correction of an illegal sentence. What is worse, the path they have chosen to get there is a path this Court has no authority to travel: the path of statutory construction or interpretation of Court Rules which is, with few exceptions, forbidden to us under Rule 1-2(a)(3) of the Rules of the Supreme Court and Court of Appeals. Even if we had the authority to engage in the analysis employed by the majority to reach its result, we should not do so, because the result they reach is legally incorrect, logically unsound, wasteful of the limited resources available to trial courts, and contrary to the obvious and unambiguous intent of the legislature.

The majority's opinion is premised on the State's ability to appeal from an illegal sentence. As a general rule, the State has no right to appeal except as conferred by the constitution or rule of criminal procedure. *State* v. *Tipton*, 300 Ark. 211, 779 S.W.2d 138 (1989). Generally, appeals by the State under Rule 36.10, Arkansas Rules of Criminal Procedure, do not affect the pending litigation, but in recent years our Supreme Court has allowed appeals by the State under 36.10, and remanded for resentencing. No case, however, holds that such an appeal is required.

The essence of the majority's decision is this: the State may appeal, and therefore must appeal in order to have an illegal sentence corrected. But this is contrary to the long-established practice of this Court of correcting illegal sentences which, like the sentence in the case at bar, appear on the face of the record. *See, e.g., Jones* v. *State*, 27 Ark. App. 24, 765 S.W.2d 15 (1989). It is clear beyond question that we are authorized to correct illegal sentences *sua sponte. Harmon* v. *State*, 317 Ark. 47, 876 S.W.2d 240 (1994). The majority does not, and cannot, explain how we lose our authority to examine the legality of a sentence on our own motion simply because the illegality favors the defendant rather than the State. Resentencing on remand is not barred by former jeopardy considerations, *see State* v. *Townsend*, 314 Ark. 427, 863 S.W.2d 288 (1993), and no reasoned basis for this distinction is apparent. Instead, the majority has *sub silentio* interpreted Rule 36.10 of the Rules of Criminal Procedure as requiring an appeal by the State in order to correct a sentencing error favoring a defendant. No such requirement is stated, implied, or hinted at in the Rule, and such a construction is both outside our authority and incorrect.

I dissent and note that I agree with Judge Robbins' opinion.

ROBBINS, J., joins in this dissent.

JOHN B. ROBBINS, Judge, concurring in part, dissenting in part. While I agree that appellant's conviction for the crime of rape should be affirmed, I must respectfully, but strongly, dissent from the position taken on the sentencing issue by the majority of this court which today gives cause to the popular notion that our criminal justice system is weighted in favor of the criminal.

The appellant was convicted of rape, a class Y felony, and sentenced to a term of twelve years with eight years suspended. Appellant argued on appeal that the evidence was insufficient to support his conviction. I fully agree with the majority that appellant's contention has no merit and that his conviction should be affirmed.

My departure from the majority arises from its refusal to correct the illegal sentence given the appellant. Rape is a class Y felony for which the legislature has set a range of imprisonment at not less than ten years, and not more than forty years, or life. Ark. Code Ann. § 5-4-401(a)(1) (1993). Arkansas Code Annotated § 5-4-301(a)(1)(C) (1993) expressly provides that the court shall not suspend imposition of sentence as to a term of imprisonment for a class Y felony. *See Harris* v. *State*, 15 Ark. App. 58, 689 S.W.2d 353 (1985); *see also State* v. *Freeman*, 312 Ark. 34, 846 S.W.2d 660 (1993). Yet this is precisely what the trial court did when it suspended eight years of the appellant's twelve-year sentence.

The supreme court recently held in *Eberlein* v. *State*, 315 Ark. 591, 869 S.W.2d 12 (1994), that pursuant to a statute applicable to that case the trial court lacked authority to suspend imposition of a ten-year sentence. The defendant had been convicted of two prior felonies and his present conviction was for a drug related offense. The supreme court reversed and remanded for resentencing stating:

> There appears no dispute that the trial court exceeded its authority, and we concur that the trial court erred. This court has repeatedly held that sentencing is entirely a matter of statute. *State* v. *Freeman*, 312 Ark. 34, 846 S.W.2d 660 (1993). If the General Assembly sets a constitutional sentencing guide for an offense, *the trial court has no authority to suspend it. Id.*
>
> *If the original sentence is illegal,* even though partially executed, *the sentencing court may correct it at any time. Bangs* v. *State*, 310 Ark. 235, 835 S.W.2d 294 (1992); *Lambert* v. *State*, 286 Ark. 408, 692 S.W.2d 238 (1985). Resentencing upon remand is not prohibited by former jeopardy considerations. *State* v. *Townsend*, 314 Ark. 427, 863 S.W.2d 288 (1993).

(Emphasis added.) 315 Ark. at 594, 869 S.W.2d at 14.

The majority acknowledges that the suspension of eight years of appellant's sentence was error, but holds that it may not consider this error because the state did not appeal the issue. However, we have held that:

> [W]hen a court has imposed an illegal sentence on a defendant, then we will review it regardless of whether an objection was raised below. An illegal sentence is one which is illegal "on its face." *Abdullah* v. *State*, 290 Ark. 537, 720 S.W.2d 902 (1986). Therefore, *we could raise the issue on our own.*

(Emphasis added.) *Jones* v. *State*, 27 Ark. App. 24, 27, 765 S.W.2d 15, 17 (1989).

The trial court's judgment of conviction recites on its face that appellant is found guilty of Y felony rape and imposes a twelve-year sentence with eight years suspended. This sentence is illegal on its face. The supreme court has discussed illegal or void sentences in terms of subject matter jurisdiction which may be reviewed on appeal whether or not an objection was made in the trial court. *Howard* v. *State*, 289 Ark. 587, 715 S.W.2d 440 (1986); *Lambert* v. *State*, 286 Ark. 408, 692 S.W.2d 238 (1985). In *Jones* v. *State, supra,* we expressed the view that illegal sentences, i.e., a sentence by a court acting in excess of its authority in sentencing, was actually not a matter of subject matter jurisdiction, however, it was an issue which we would review even if we had to raise it on our own. These respective viewpoints are not actually inconsistent because a lack of subject matter jurisdiction equates to a lack of authority or power in a court to act. *See,* e.g., *Ware* v. *Gardner*, 309 Ark. 148, 827 S.W.2d 657 (1992). Although a circuit court does have subject matter jurisdiction in the area of imposing sentences on convicted felons, it lacks the power or authority to impose a sentence outside the range provided by statute, or to suspend a sentence when the legislature has expressly prohibited suspension by statute.

The majority holds that we can correct an illegal sentence if the sentencing mistake runs in favor of the state and against the convicted felon even if the convicted felon does not appeal the issue; but if the illegal sentencing mistake runs in favor of

the convicted felon and against the state then we may not act to correct it unless the state appeals the issue. More specifically, it is the majority's position that if this convicted rapist had been illegally sentenced to 41 years, one year in excess of the permissible range, we would be obliged to correct the sentencing error, sua sponte, even though the appellant did not raise the issue. However, we may not correct an illegal sentence of 12 years with 8 years suspended, sua sponte, in the absence of the state appealing the error even though we have the case before us on appeal by the appellant. We have said that we could raise the issue on our own, *Jones* v. *State, supra,* and to hold that we can do so only when it will serve to benefit, not an accused, but a convicted rapist or other convicted felon, is illogical and offensive to most any non-felon's basic sense of fairness and justice.

Finally, the majority poses the question that, if an illegal sentence may be truly corrected "at any time," is it possible that long after a defendant has served his sentence and been released from prison, he could be brought back into court and resentenced to an additional term? The short answer is that this is not the situation before us. This case is before us on appeal from a judgment entered December 29, 1992; not long after appellant has served out an illegal sentence.

I concur with Judge Cooper's dissenting opinion that the state may only appeal a sentencing error by grace, and not by right. However, it is immaterial whether the state had the right to appeal the sentencing error or not, because we have held that we could raise the issue on our own. *Jones* v. *State, supra.*

I would affirm the appellant's conviction, but reverse and remand to the trial court for resentencing.

COOPER, J., joins in this dissent.