STATE of Arkansas *v.* Steven R. PINELL

CR 02-691                        114 S.W.3d 175

Supreme Court of Arkansas
Opinion delivered May 8, 2003

*Mike Beebe*, Att'y Gen., by: *Valerie L. Kelly*, Ass't Att'y Gen., for appellant.

*Dale West*, for appellee.

ROBERT L. BROWN, Justice. The State of Arkansas, appellant, appeals appellee Steven R. Pinell's sentence of ten years' probation for the crime of rape, a Class Y felony. The specific issue in this appeal is whether this court will extend Act 192 of 1993, codified at Ark. Code Ann. § 5-4-104, 5-4-301 (Repl. 1997), and make it applicable to all Class Y felonies. As it now stands, Act 192 makes probation a sentencing option only for certain Class Y felony drug offenses. We agree with the State that the circuit court erred in sentencing Pinell to a term of probation for the crime of rape. We reverse the sentence and remand the case with directions to sentence Pinell in accordance with our sentencing statutes.

■ We first address the issue of this court's jurisdiction over this State appeal. Our rules allow the State to appeal a criminal conviction and sentence when the Attorney General, after inspecting the record, is satisfied that the circuit court committed error prejudicial to the State and that review by this court is needed to ensure the correct and uniform administration of justice. Ark. R. App.—Crim. 3(b) and (c). In addition, this court has made it clear in our case law that we will "accept appeals by the State when our holding would be important to the correct and uniform administration of the Arkansas criminal law." *State v. Stephenson*, 340 Ark. 229, 231, 9 S.W.3d 495, 496 (2000) (citing *State v. Stephenson*, 330 Ark. 594, 955 S.W.2d 518 (1997)).

■ Erroneous application of the sentencing statutes, which the State alleges in this case, affects the correct and uniform administration of justice. *See, e.g., Stephenson*, 340 Ark. at 231, 9 S.W.3d at 496 ("We have previously held that 'sentencing and the manner in which such punishment provisions can be imposed

arise in every criminal case where a conviction. is obtained, and the application of these statutory sentencing procedures to convict defendants requires uniformity and consistency.'") (quoting *State v. Freeman*, 312 Ark. 34, 35-36, 846 S.W.2d 660, 660 (1993)). This court has taken State appeals involving sentencing issues on several occasions. *See State v. Stephenson, supra* (overturning a suspended sentence of ten years' imprisonment for simultaneous possession of drugs and firearms); *State v. Kinard*, 319 Ark. 360, 891 S.W.2d 378 (1995) (correcting a circuit court's erroneous retroactive application of acts amending the habitual-offender statute); *State v. Rodriques*, 319 Ark. 366, 891 S.W.2d 63 (1995) (same); *State v. Brummett*, 318 Ark. 220, 885 S.W.2d 8 (1994) (same); *State v. Freeman, supra* (overturning a circuit court's prohibited suspension of a sentence imposed pursuant to the habitual-offender statute). We hold that this is a proper matter for a State appeal.

We turn to the merits of this case. By criminal information dated May 30, 2001, the State charged Mr. Pinell with four counts of first-degree violation of a minor and one count of first-degree rape. The victim was a fifteen-year-old girl who lived at the Vera Loyd Presbyterian Home for Children, where Mr. Pinell worked. The charged crimes occurred "[o]n or about a 90-day period preceding April 21, 2001."

The trial of the charges took place in Drew County Circuit Court on April 18 and 19, 2002. Following the trial, a jury convicted Mr. Pinell of first-degree rape and first-degree violation of a child. During the sentencing phase, the circuit court held a conference in chambers to discuss jury instructions. At that time, counsel for Pinell urged that an alternative jury instruction be given to allow for the possibility of probation for the rape conviction. The prosecutor objected and argued that Ark. Code Ann. § 5-4-104(c) and (e)(1)(A) (Repl. 1997), do not authorize probation for Class Y felonies. Counsel for Pinell answered the argument by citing the court to *Vanesch v. State*, 343 Ark. 381, 37 S.W.3d 196 (2001); *Buckley v. State*, 341 Ark. 864, 20 S.W.3d 331 (2000); and *Stinnett v. State*, 63 Ark. App. 72, 973 S.W.2d 826 (1998), for the proposition that probation was available for Class Y felony convictions. The prosecutor acknowledged that the cases existed but argued that those cases were a result of Act 192 of

1993, which only applied to drug cases. The circuit court concluded that it would give the alternative jury instruction for a probated sentence for rape.

The jury's verdict was three years' imprisonment for violation of a child and ten years' probation for the rape conviction. The circuit court accepted the jury's verdict and sentenced Pinell accordingly, with the probation to run consecutively to the three years to serve. The prosecutor filed a motion to resentence on the basis that ten years' probation was an illegal sentence for rape. The circuit court declined to rule on the motion, and it was deemed denied. This appeal ensued.

■ ■ The sole issues on appeal are whether the circuit court's sentence was illegal, and if so, whether this court will extend Act 192 to cover rape convictions. This court reviews statutory-interpretation issues de novo. E.g., Buckley v. State, 349 Ark. 53, 60-61, 76 S.W.3d 825, 829 (2001). Rape is a Class Y felony. Ark. Code Ann. § 5-14-103(a)(1)(2) (Supp. 2001). We agree with the State that the sentence for a Class Y felony is ten to forty years' imprisonment, or life. See Ark. Code Ann. § 5-4-401(a)(1) (Repl. 1997). We further agree that probation is not a sentence option for rape under our statutes. Thus, the circuit judge had no authority to sentence Pinell to ten years' probation, and the sentence is illegal.

Pinell concedes as much in his brief. He candidly admits that his argument, which is based on Act 192 of 1993, although made in good faith to the circuit court, was in error. Nevertheless, he "respectfully requests that this Court create new law that allows probation for all class Y felonies." In support of this bold proposition, he gives a one-sentence policy argument: "[t]he prison system is overflowing, and when a jury, as in this case after hearing all of the evidence and arguments of counsel, deems probation to be sufficient punishment then their decision should stand." In sum, Pinell requests this court to extend Act 192 of 1993 to this Class Y felony.

■ Sentencing is entirely a matter for the General Assembly in Arkansas, e.g., Harness v. State, 352 Ark. 335, 101 S.W.3d 235 (citing Bunch v. State, 344 Ark. 730, 738, 43 S.W.3d 132, 137

(2001)), and the courts of this state are bound by the terms of the sentences enacted by the General Assembly. *See* Ark. Code Ann. § 5-4-104(a) (Supp. 2001) ("No defendant convicted of an offense shall be sentenced otherwise than in accordance with this chapter.").

■ ■ As in all statutory construction cases, the cardinal rule is to give full effect to the will of the legislature. *Flowers v. Norris*, 347 Ark. 760, 765, 68 S.W.3d 289, 292 (2002) ("It is . . . axiomatic that in statutory interpretation matters, we are first and foremost concerned with ascertaining the intent of the General Assembly.") (citing *State v. Havens*, 337 Ark. 161, 987 S.W.2d 686 (1999)). A statute is construed just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Edwards v. State*, 347 Ark. 364, 64 S.W.3d 706 (2002). Nothing is taken as intended that is not clearly expressed. *State ex rel. Sargent v. Lewis*, 335 Ark. 188, 979 S.W.2d 894 (1998).

■ Act 192 of 1993 removed language relating to drug-related offenses under the Uniform Controlled Substances Act from the statutes dealing with authorized sentences and probation. As a comparison of the code sections before and after Act 192 makes clear, the Act did nothing to change the prohibition of probation for other Class Y offenses. *Compare* Ark. Code Ann. § 5-4-301 (Supp. 1991) *and* Ark. Code Ann. § 5-4-104 (Supp. 1991), *with* Ark. Code Ann. § 5-4-301 (Supp. 2001) *and* Ark. Code Ann. § 5-4-104 (Supp. 2001). This court has examined the legislative intent behind Act 192 in several cases. *See Vanesch v. State*, 343 Ark. at 390, 37 S.W.3d at 201-202 ("probation is available for . . . the Class Y felony, possession with intent to deliver methamphetamine. Originally such was not the case for Class Y felony (sic). However, with the passage of Act 192 of 1993, codified at Ark. Code Ann. § 5-4-104, this prohibition has changed. Now, probation is allowed for such crimes.") (citations omitted)); *Buckley v. State*, 341 Ark. at 873, 20 S.W.3d at 340 ("The State concedes . . . that probation is an alternative sentence available for cocaine delivery offenses . . . ."); *Elders v. State*, 321 Ark. 60, 64, 900 S.W.2d 170, 172 (1995) ("Act 192 amended Ark. Code Ann. §§ 5-4-104(e)(1) and 5-4-301(a)(1) (Supp. 1991), to permit suspension and probation as alternative sentences in cases of delivery of

cocaine."); *State v. Williams*, 315 Ark. 464, 465, 868 S.W.2d 461, 462 (1994) ("Williams points out that Act 192 of 1993 amends § 5-4-301(a)(1)(F) and § 5-4-104(e)(1)(F) to remove the language from the two statutes which prohibited trial courts from imposing suspended imposition of sentence or probation of controlled substance offenders. This is true."); *State v. Galyean*, 315 Ark. 699, 701, 870 S.W.2d 706, 707 (1994) ("Act 192 of 1993 amends § 5-4-301(a)(1)(F) and § 5-4-104(e)(1)(F) to remove the language from the two statutes which prohibited trial courts from imposing suspended imposition of sentence or probation on controlled substance offenders."); *State v. Whale*, 314 Ark. 576, 577, 863 S.W.2d 290, 290 (1993) ("Act 192 of 1993 amends § 5-4-301(a)(1)(F) and § 5-4-104(e)(1)(F) so as to remove language from the two statutes which prohibits trial courts from imposing suspended imposition of sentence or probation on controlled substance offenders."). Clearly, Act 192 only made probation available as a sentence alternative for certain Class Y drug offenses.

■ We decline Pinell's invitation to overrule ten years of consistent case law and extend Act 192 to all Class Y felonies. As already set forth in this opinion, "it is well settled that it is for the legislative branch of a state or federal government to determine the kind of conduct that constitutes a crime and the nature and extent of punishment which may be imposed." *Bunch v. State*, 344 Ark. at 738, 43 S.W.3d at 137 (citations and quotations omitted). Were we to take it upon ourselves to expand the scope of a legislative act regarding sentencing, we would be clearly legislating. This we will not do.

■ The sentence assessed in this case was an illegal sentence in violation of the statutes of this state. We reverse the judgment in this case with respect to the illegal sentence, and we remand the case with instructions to resentence Pinell in accordance with Ark. Code Ann. § 5-4-401(a)(1) (Repl. 1997), which provides the proper sentence for rape. *State v. Kinard*, 319 Ark. at 362, 891 S.W.2d at 379.

Reversed and remanded.