

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-13-538

| | |
|---|---|
| ROBERT BARKER | **Opinion Delivered** December 11, 2013 |
| APPELLANT | |
| | APPEAL FROM THE CRITTENDEN |
| V. | COUNTY CIRCUIT COURT |
| | [NO. CR-2012-548] |
| STATE OF ARKANSAS | HONORABLE JOHN N. |
| APPELLEE | FOGLEMAN, JUDGE |
| | |
| | APPEAL DISMISSED |

**DAVID M. GLOVER, Judge**

Appellant Robert Barker entered a negotiated plea of guilty to the offenses of aggravated robbery and rape.[1] He was sentenced to twenty years in prison for the aggravated-robbery conviction, to be followed by a ten-year suspended imposition of sentence for the rape conviction.[2] Barker now appeals, arguing that his guilty plea was neither knowingly nor intelligently made and therefore was not voluntary and must be vacated. The underlying basis for this argument is that Barker was not aware until the day he entered his guilty plea that he

---

[1] The State nolle prossed the kidnapping and third-degree escape charges.

[2] We note that Barker was given an illegal sentence with regard to the rape conviction. Rape is a Class Y felony. Barker's ten-year suspended imposition of sentence for rape violates Arkansas Code Annotated section 5-4-301(a)(3)(C) (Supp. 2011), which provides that a court shall not suspend imposition of a sentence for a Class Y felony except to the extent suspension of an additional term of imprisonment is permitted in section 5-4-104(c). That is not the case here because the suspended sentence was all that was imposed for the rape conviction. However, the State has not cross-appealed this issue; therefore, it cannot be addressed. *Cook v. State*, 46 Ark. App. 169, 878 S.W.2d 765 (1994).

would not be eligible for parole. We dismiss the appeal.

Rule 26.1(a) of the Arkansas Rules of Criminal Procedure governs withdrawal of a guilty plea and provides:

> A defendant may withdraw his or her plea of guilty or nolo contendere as a matter of right before it has been accepted by the court. A defendant may not withdraw his or her plea of guilty or nolo contendere as a matter of right after it has been accepted by the court; however before entry of judgment, the court in its discretion may allow the defendant to withdraw his or her plea to correct a manifest injustice if it is fair and just to do so, giving due consideration to the reasons advanced by the defendant in support of his or her motion and any prejudice the granting of the motion would cause the prosecution by reason of actions taken in reliance upon the defendant's plea. A plea of guilty or nolo contendere may not be withdrawn under this rule after entry of judgment.

Barker admits in his brief that he did not file a motion to withdraw his plea pursuant to Rule 26.1 before entry of judgment, and he recognizes that this avenue is now closed to him.

We are then left with Barker's guilty plea. In *Cummins v. State*, 2013 Ark. App. 657, our court held that, generally, a defendant cannot appeal from a guilty plea, Ark. R. App. P.—Crim. 1(a) (2013), but exceptions to this rule include (1) conditional-guilty pleas, (2) when the issue on appeal concerns evidentiary errors that occurred during the sentencing phase of the trial, or (3) the denial of a post-judgment motion to amend an incorrect or illegal sentence. As in *Cummins*, none of the exceptions are applicable here. Therefore, we dismiss the appeal.

Appeal dismissed.
HIXSON and WOOD, JJ., agree.
*Digby Law Firm*, by: *Bobby R. Digby, II*, for appellant.
*Dustin McDaniel*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.