STATE of Arkansas, *ex rel.*, Harold (Butch) Sargent *v.* Jack LEWIS, Municipal Judge for Clinton, Arkansas

98-316                                                        979 S.W.2d 894

Supreme Court of Arkansas
Opinion delivered November 19, 1998

*Harold (Butch) Sargent,* for appellant.

*Stephen E. James,* Deputy Prosecuting Att'y, for appellee.

DAVID NEWBERN, Justice. Appellant Harold ("Butch") Sargent ran for Sheriff of Van Buren County in 1966 and was defeated by Mike Bridges who was seeking reelection. Mr. Sargent accused Sheriff Bridges of having committed a misdemeanor by violating an election law. Mr. Sargent presented his case to Clinton Municipal Judge Jack Lewis and asked Judge Lewis to issue a warrant or summons to Sheriff Bridges. Judge Lewis refused, and Mr. Sargent petitioned the Van Buren Circuit Court for a writ of mandamus to compel Judge Lewis to issue a warrant or summons. Mr. Sargent appeals from the denial of that petition. We agree with the Circuit Court's conclusion that the statute pursuant to which Mr. Sargent complains does not make the act of which he complains a criminal violation; thus, we affirm the denial of the writ.

As it appeared in 1996, Ark. Code Ann. § 7-5-211(a) (Repl. 1993) provided that the county board of election commissioners was to deliver ballots and other election supplies to the sheriff. Section 7-5-211(b) stated:

> (b) If the sheriff is a candidate for reelection in a contested race, it shall be the duty of the county board of election commissioners to appoint some suitable person or persons in each precinct to perform the duties of the sheriff. The sheriff and his deputies are disqualified to discharge those duties in such case.

Arkansas Code Ann. § 7-1-103(28) provides: "Any violation of this act not covered by this section and § 7-1-104 shall be considered a misdemeanor and shall be punishable as such." Both § 7-5-21(b) and § 7-1-103(28) appeared in Act 465 of 1969.

In his mandamus petition, Mr. Sargent stated that on April 24, 1997, he filed an affidavit and complaint with attached sup-

porting affidavits and an investigative report with Judge Lewis in which he alleged that on November 5, 1996, Sheriff Bridges, a candidate for reelection in a contested race, transported voting ballots from the printer to Union Precinct in Shirley, and to the Sheriff of Election, Glen Williams, in violation of § 7-5-211(b). Mr. Sargent stated that he attached the affidavits of Maurice Bonds Whillock, County and Circuit Clerk and Ex-Officio Recorder, and Glen Williams, polling election sheriff, to his complaint. According to Mr. Sargent, Judge Lewis stated that he would not issue a summons or warrant because he did not believe that there was probable cause to believe that Sheriff Bridges had committed a crime.

The affidavit of Glen Williams stated that on November 5, 1996, he called County Clerk Ricky Whillock from the polling place in Shirley seeking additional ballots. He also stated that, late that day, Sheriff Bridges delivered blank general election voting ballots to him.

The affidavit of Maurice Bonds Whillock stated that he received a telephone call from Glenn Williams who advised him that he was running out of ballots. Mr. Whillock stated that he called the Sheriff's Office to obtain the services of a deputy to travel to the print shop, pick up the extra ballots, and deliver them to Shirley. Mr. Whillock stated that, while he was on the telephone, Sheriff Bridges came into his office and that he asked Sheriff Bridges to deliver the ballots to Union Precinct in Shirley. He stated that Sheriff Bridges agreed to do so.

Following a hearing, the Circuit court dismissed the petition and held that the finding of probable cause by a magistrate to issue a summons or warrant is a discretionary act and that mandamus does not lie to compel a discretionary act. The Court also held that § 7-5-211(b) does not impose criminal liability but merely disqualifies a county sheriff who is running for reelection in a contested race from performing the duty of carrying ballots, and thus Ark. Code Ann. § 7-1-103(28), the statute making a "violation" of Act 465 a misdemeanor, does not apply.

█ The basic rule of statutory construction to which all other interpretive guides must yield is to give effect to the intent

of the legislature. *Tigue v. State*, 319 Ark. 147, 889 S.W.2d 760 (1994). Penal statutes are strictly construed with all doubts resolved in favor of the defendant, and nothing is taken as intended which is not clearly expressed. *Id.*

Arkansas Code Ann. § 7-5-211(a), as it appeared in 1996, was an administrative provision stating the manner in which election supplies were to be delivered by election commissioners to the sheriff, presumably for further delivery to the officials presiding at the various precincts in the counties. The language of § 7-5-211(b) requires election commissioners to appoint suitable persons to perform those duties and then states the reason, noting that the sheriff running for reelection in a contested election is "disqualified" from carrying out duties that would otherwise be assigned pursuant to § 7-5-211(a). It does not specifically prohibit any act on the part of the sheriff.

■ Because we agree that the language in § 7-5-21(b) does not demonstrate an intent on the part of the General Assembly to criminalize the conduct alleged, and thus the issuance of a summons or warrant by Judge Lewis based on that conduct would have been fruitless if not improper, we affirm the Circuit Court's refusal to issue a writ of mandamus to Judge Lewis.

Affirmed.

BROWN, J., concurs.

GLAZE, J., dissents.

R OBERT L. BROWN, Justice, concurring. I agree with Justice Glaze's analysis in his dissent that a violation of Ark. Code Ann. § 7-5-211 (Supp. 1997) may constitute a misdemeanor. I would affirm, however, for the reason that a municipal judge must be satisfied that there are reasonable grounds for arrest. Ark. R. Crim. P. 7.1(b); Ark. Code Ann. § 16-81-104(a)(2) (1987). Here, the municipal judge was not so satisfied. Mandamus does not lie to control judgment calls by a magistrate such as we have in this case. For that reason, I concur in the result.

T OM GLAZE, Justice, dissenting. The court is clearly wrong when it concludes a violation of Ark. Code Ann.

§ 7-5-211(b) of the Arkansas Election Code is not a misdemeanor. Ark. Code provision § 7-1-103(a) (Supp. 1997) lists twenty-three specific examples of the more serious misdemeanors that could arise during the preparation for and conduct of an election. Then § 7-1-103(b)(1) of the same section provides further as follows:

> Any *violation of "this act" not covered by this section* . . . shall be considered a Class A misdemeanor . . . . (Emphasis added.)

The phrase "this act" refers to Act 465 of 1969, and specifically includes codified sections 7-1-103 and *7-5-211*.[1] *See* Arkansas Code Revision Commission Notes at § 7-1-101 (Repl. 1993) and (Supp. 1997); § 7-4-108 and § 7-5-210 (Repl. 1993).

The foregoing is all there is to this case. If a sheriff has a contested race for reelection and knowingly violates § 7-5-211, he is subject to being found a misdemeanant. Providing for such a misdemeanor violation is to avoid the possibility that an incumbent sheriff would influence voters at the polling precinct. Obviously, an incumbent sheriff's opponent and his or her supporters are helpless to stop such an illegal practice on the day of the election unless there is a criminal sanction to which that person may resort. Certainly, the opposing candidate has no civil remedy on election day to correct such a law violation. Even mandamus and declaratory judgment relief cannot be obtained in time to remedy such election violations.

The majority court's decision gives a mischievous incumbent candidate or election official the "green light" to violate election procedures, and no meaningful remedy is available to a voter, opposing candidate, or supporter to stop it unless it happens to be a violation that is specifically listed under § 7-1-103. Section 7-1-103(b)(1) was enacted to assure some sanction is available to guard against those few officials who willfully choose to ignore their responsibilities under the general election code laws.

---

[1] The compiler sets out approximately 152 other sections containing election duties candidates or election officials must perform during an election as included in the definition of "this act."