Steven EDWARDS *v.* STATE of Arkansas

CR 00-1452                                                      64 S.W.3d 706

Supreme Court of Arkansas
Opinion delivered January 10, 2002

*W. Ray Nickle*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Jeffrey A. Weber*, Ass't Att'y Gen., for appellee.

PER CURIAM. Appellant pleaded guilty to murder in the first degree and was sentenced to forty years' imprisonment. Pursuant to Ark. Code Ann. § 16-93-611 (Supp. 1997), appellant would not be eligible for parole until he had served at least seventy percent of his sentence. During the 1999 legislative session, the Arkansas General Assembly amended § 16-93-611 to allow circuit courts the discretion to waive the seventy percent requirement in some cases in which the defendant was a juvenile at the time of the offense. *See* Ark. Code Ann. § 16-93-611 (Supp. 1999). Appellant

filed a petition seeking to have the requirement waived in his case. The State filed a motion to dismiss arguing that because two years had passed since entry of the sentence, the circuit court was without jurisdiction to hear appellant's petition. The circuit court agreed and granted the State's motion. On appeal, appellant argues that the circuit court erred in dismissing the petition, because § 16-93-611, as amended, creates an exception to the limitations for modifying a sentence set by Ark. Code Ann. § 16-90-111[1] and that § 16-93-611 should apply retroactively.

Arkansas Code Annotated § 16-93-611 provides:

(a) Notwithstanding any law allowing the award of meritorious good time or any other law to the contrary, any person who is found guilty of or who pleads guilty or nolo contendere to murder in the first degree, § 5-10-102 . . . shall not, except as provided in subsection (b) of this section, be eligible for parole or community punishment transfer until the person serves seventy percent (70%) of the term of imprisonment, including a sentence prescribed under § 5-4-501, to which the person is sentenced. . . .

(b) The sentencing judge, in his discretion, may waive subsection (a) of this section under the following circumstances:

(1) The defendant was a juvenile at the time of the offense;

(2) The juvenile was merely an accomplice to the offense; and

(3) The offense occurred on or after July 28, 1995.

According to appellant, the 1999 amendment to § 16-93-611 was proposed to specifically address appellant's case and others similarly situated by granting the trial court the discretion to waive the seventy percent requirement. Appellant claims that under the limited circumstances set forth in subsection (b), the trial court is reinvested with jurisdiction to consider a waiver of the requirement beyond the "120 day (90 day) limit."

---

[1] Arkansas Code Annotated § 16-90-111(b) (Supp. 1997) allowed a circuit court to reduce a sentence within 120 days after the sentence was imposed. In 1999, the Arkansas General Assembly lowered that limitation to 90 days. *See* Ark. Code Ann. § 16-90-111(b) (Supp. 1999). In his brief, appellant refers to the limitation as being "120 days (90 days)." However, appellant's petition was filed beyond the time period under either version.

■ In an attempt to bolster his argument, appellant called State Senator Mike Bearden to testify to the legislative intent of the amendment, but Senator Bearden's testimony should not have been admitted into evidence. We have specifically held that the testimony of legislators with respect to their intent in introducing legislation is clearly inadmissible. *Yamaha Motor Corp. v. Richard's Honda Yamaha*, 344 Ark. 44, 38 S.W.3d 356 (2001), citing *Board of Trustees v. City of Little Rock*, 295 Ark. 585, 750 S.W.2d 950 (1988). In short, if the language of the statute is plain and unambiguous, and conveys a clear and definite meaning, there is no occasion to resort to rules of statutory interpretation. *Langley v. State*, 343 Ark. 324, 325, 34 S.W.3d 364, 365 (2001). Aside from Senator Bearden's testimony, appellant offers nothing more than the conclusory allegation that § 16-93-611 creates an exception to the limitations set out in § 16-90-111. Appellant cites no authority or language in either statute supporting the allegation.

■ The plain language of § 16-93-611 allows a, circuit court discretion when deciding whether to waive the seventy percent requirement. According to the plain language of § 16-90-111, a court may not exercise that discretion outside of the limitations set by the General Assembly. Moreover, there is no mention of § 16-90-111 in the language of § 16-93-611. Because appellant filed his petition outside of the period set out in § 16-90-111, the circuit court was correct in dismissing his petition.

■ Finally, there is no language in § 16-93-611 that expressly reflects the General Assembly's intent to make the statute retroactive, as appellant claims. Although Senator Bearden testified to such intent, that is not sufficient. Only when the General Assembly expressly provides, will a statute be applied retroactively. *E.g., State v. Ross*, 344 Ark. 364, 368, 39 S.W.3d 789, 791 (2001).

Affirmed.

IMBER, J., not participating.