The Honorable Boyd Hickinbotham State Representative P.O. Box 326 Salem, AR 72576-0326
Dear Representative Hickinbotham:
I am writing in response to your request for clarification of Ark. Op. Att'y Gen. 2003-122. Specifically, you have posed a question I will paraphrase as follows:
 Does the phrase "realty owners," as it is used in A.C.A. 14-92-237(c), mean all record property owners or all residents of an improvement district?
RESPONSE
In my opinion, the term "realty owners" as used in A.C.A § 14-92-237(c) refers to individuals holding title to property located within the improvement district.
Subsection 14-92-237(c)(1) of the Code provides:
 In the event the commissioners vote to dissolve the district or the district is dissolved by vote of the realty owners at a public hearing, the board shall convert all assets into cash and shall first pay from such surplus funds all debts of the district, including any reasonable legal and other expenses incurred in connection with the dissolution.
 In Ark. Op. Att'y Gen. No. 98-070, my predecessor characterized this statute as follows:
 A procedure is provided for the conversion of all assets of the district into cash, the payment of all indebtedness, and a pro rata refund to the property owners. A.C.A. § 14-92-237(c). The procedure may or may not be available immediately upon dissolution, depending upon the status of the project, the cash on hand, the bond issue, and any applicable trust indenture securing the bonds.
You have asked whether the term "realty owners" as used in A.C.A §14-92-237(c)(1) applies only to the record owners of property contained within the district or whether it applies to all residents of the district. Given the context of A.C.A § 14-92-237(c), your concern is apparently whether only record owners of property contained within the district can vote to dissolve the district at a public hearing.
As the Arkansas Supreme Court reaffirmed in State v. Pinell,353 Ark. 129, 134, 114 S.W.3d 175 (2003):
 As in all statutory construction cases, the cardinal rule is to give full effect to the will of the legislature. Flowers v. Norris, 347 Ark. 760, 765, 68 S.W.3d 289, 292 (2002) ("It is . . . axiomatic that in statutory interpretation matters, we are first and foremost concerned with ascertaining the intent of the General Assembly.") (citing State v. Havens, 337 Ark. 161, 987 S.W.2d 686 (1999)). A statute is construed just as it reads, giving the words their ordinary and usually accepted meaning in common language. Edwards v. State, 347 Ark. 364, 64 S.W.3d 706 (2002). Nothing is taken as intended that is not clearly expressed. State ex rel. Sargent v. Lewis, 335 Ark. 188, 979 S.W.2d 894 (1998).
Applying these principles, I believe the term "realty owners" as used in A.C.A § 14-92-237(c)(1) must be read as denoting those persons who hold title to property contained within the district.
Having offered this opinion, I must add that record property owners can by vote dissolve an improvement district only if the district was created after March 16, 1981. Subsection 14-92-202(a) of the Code (Repl. 1998) provides:
 The provisions of Acts, 1981, No. 510, shall not apply to districts in existence on March 16, 1981, and these districts shall continue to be governed by the law in effect immediately prior to that date.
Specifically, § 5 of Act 510 of 1981 authorizes the dissolution of an improvement district by majority vote of the record property owners. Districts formed prior to the enactment of Act 510 may be dissolved only by unanimous vote of the commissioners (1) if the district's debt has been fully discharged and title to its capital assets has been "taken over or assumed by any political subdivision, municipal utility commission or agency, or any regulated public utility"; or (2) if the district is converted into a fire protection district. A.C.A §14-92-237(a).
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JD/cyh