The Honorable Steve Bryles State Senator 514 West Main Blytheville, AR 72315-3334
Dear Senator Bryles:
I am writing in response to your request for my concerning the makeup of a city's board of zoning adjustment (hereinafter "zoning board"). As you note, the statutory authority under which a zoning board operates provides as follows with respect to the board's membership:
 The ordinance shall provide for a board of zoning adjustment, which may either be composed of at least three (3) members, or the [planning] commission as a whole may sit as the board of zoning adjustment.
A.C.A. § 14-56-416 (b)(1) (Repl. 1998).[1]
You present the following question in this regard:
 Does this mean that the members of the Board of Zoning Adjustment must be composed of at least three members of the Planning Commission or may those three members be from the community at large?
RESPONSE
It is my opinion that the three members may be from the community at large. Although the statute is not a model of clarity, I do not interpret it to require that a minimum of three planning commissioners must sit on the zoning board.
In offering this opinion, I am guided by several principles of statutory interpretation. The beginning point in considering this statute's meaning is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. See generally Mountain HomeSch. Dist. v. T.M.J. Builders, 313 Ark. 661, 858 S.W.2d 74 (1993). The Arkansas Supreme Court has consistently employed the "plain language" rule in interpreting statutory language. Additionally, nothing is taken as intended that is not clearly expressed. State ex rel. Sargent v.Lewis, 335 Ark. 188, 979 S.W.2d 894 (1998). And finally, effect must be given to each word of the statute, so that no language is reduced to surplusage. See Locke v. Cook, 245 Ark. 787, 434 S.W.2d 598 (1968).
When I apply these principles to A.C.A. § 14-56-416 (b)(1), I first note that a plain reading discloses the existence of two independent clauses. This follows from the "either . . . or" language. As observed by the Arkansas Supreme Court:
 `In its ordinary sense the word `or' is a disjunctive particle that marks an alternative, generally corresponding to `either,' as `either this or that'; it is a connective that marks an alternative.'
McCoy v. Walker, 317 Ark. 86, 90, 876 S.W.2d 252 (1994), quoting Beasleyv. Parnell, 177 Ark. 912, 9 S.W.2d 10 (1928) (emphasis added).
It therefore seems clear that the legislature intended to identify alternative criteria for the zoning board's membership when it specified that the board "either be composed of at least three . . . or" that "the [planning] commission as a whole may sit as the . . . [zoning] board." (Emphasis added). I conclude from these independent clauses that the three members do not have to be planning commissioners. This follows primarily from the alternative nature of the criteria. There simply either must be three members or the planning commission as a whole may sit. This conclusion may, additionally, be suggested by the statute's silence with respect to the qualifications of the three. Had the legislature intended to require the zoning board to be composed of a minimum of three planning commissioners, then the "commission as a whole" provision arguably was unnecessary. To avoid reducing to surplusage the provision involving the "commission as a whole" (see Locke, supra, regarding this rule of construction), I conclude that the phrase "at least three (3) members" does not require a minimum membership of three planning commissioners.
I also note, however, that while the statute establishes no requirement in this regard, nor in my opinion does it exclude planning commissioners (in some number less than the "whole") from being members of the zoning board. It is my opinion, based upon the alternative membership criteria discussed above, that the board may be composed of both planning commission members and individuals from the community. Subsection14-56-416 (a)(3)(D) provides that "[t]he [zoning] ordinance shall include provisions for administration and enforcement." Accordingly, I conclude that the zoning board's composition ultimately is a matter to be decided by the city's governing body, through its adoption of the zoning ordinance.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] The remainder of the subsection addresses the functions of the zoning board and related procedural matters.