The Honorable Paul Bookout State Senator 1900 West Washington Jonesboro, AR 72401
Dear Senator Bookout:
I am writing in response to your request for my opinion on the following question:
 Can a Quorum Court in any Arkansas County or committee thereof require their Elected County Officials to create a separate report to them each month on information about employees' time that has already been submitted to the County Clerk for payment of salaries? The report in question includes employees' time worked, vacation time earned and used, sick time earned and used and compensatory time earned and used.
RESPONSE
In my opinion, the answer to this question is "yes" regarding a quorum court's authority to impose such a reporting requirement, assuming it has enacted an ordinance to this effect. With regard to a "committee" of the quorum court, it is my opinion that the answer depends upon whether the committee is acting in the absence of any local legislation concerning the reporting requirement. In my opinion, only the quorum court as a whole may require the elected officials to report the employee information. However, I believe a committee might be assigned some authority or responsibility in connection with the report.
My research of this matter has disclosed the following provision in the County Government Code, which appears to be determinative of your question as it pertains to a quorum court:
 MANAGEMENT REPORTS. A quorum court may require, by ordinance, reports for any purpose from any elective county office, department, board, or subordinate service district, or any administrator or employee of them.
A.C.A. § 14-14-704(4) (Repl. 1998).
Although I have found no interpretive authority regarding this provision, general rules of statutory construction require that it be construed just as it reads, giving the words their ordinary meaning in common language. Edwards v. State, 347 Ark. 364,64 S.W.3d 706 (2002). This precept leads to the conclusion that a quorum court may, by ordinance, require the elected county officials to report information concerning employees' time, as contemplated by your question. Such reports would appear to be in the nature of management reports specifically authorized by A.C.A. § 14-14-704(4), supra. I consider it immaterial to the analysis that the information has already been submitted to the County Clerk for payment of salaries.
The question whether a "committee" of the quorum court could require elected county officials to report the information concerning employees' time likely depends upon the specific ordinance establishing the reporting requirement. It seems clear that only the quorum court is authorized in the first instance to require the reports. However, I find nothing to prevent a quorum court from assigning some measure of authority or responsibility in this regard to a committee of the court. State law vests county government with extensive discretion and authority with respect to its organization and the conduct of its local affairs.See A.C.A. §§ 14-14-702—704 (Repl. 1998) (regarding office organization and establishment of departments); A.C.A. §14-14-801(a) (Repl. 1998) and Ark. Const. amend. 55, § 1(a) (providing for county government's exercise of local legislative authority not expressly denied by the Constitution or by law relating to county affairs). The county's authority extends, moreover, to the exercise of "powers, not inconsistent with law, necessary for effective administration of authorized services and functions." A.C.A. 14-14-801(b)(13). This body of law in my opinion provides ample support for a committee's exercise of authority with respect to the report you describe, so long as the reporting requirement is imposed by ordinance of the quorum court.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh