Brent Haltom, Prosecuting Attorney Eighth Judicial District Room 6, Miller County Courthouse Texarkana, AR 71854
Dear Mr. Haltom:
I am writing in response to your request for my opinion on two questions I will paraphrase as follows:
 1. Pursuant to provisions of A.C.A. 27-35-203, should a log hauler and/or wood chip hauler, hauling from a yard, be allowed the variance set out in A.C.A. § 27-35-203?
 2. Please provide definitions or interpretations for the words:" unfinished," "unprocessed," "farm products," "forest products," and "other products of the soil," as these terms are used in A.C.A. § 27-35-203.
RESPONSE
In my opinion, the answer to your first question is probably "yes" with respect to a log hauler and "no" with respect to a wood-chip hauler. The Code does not define the terms you have listed in your second request. Absent guidance from the General Assembly, I cannot undertake the essentially legislative task of defining these terms.
Question 1: Pursuant to provisions of A.C.A. 27-35-203, should alog hauler and/or wood chip hauler, hauling from a yard, beallowed the variance set out in A.C.A. 27-35-203?
Before addressing your specific question, I will briefly summarize what my inquiries reflect is the current practice with regard to the hauling of logs and wood chips. Apparently, on some occasions, logs are turned into wood chips in the woods where the timber is cut and trucked directly from the woods to mills to be further processed for such purposes as paper or particle board production. On other occasions, the felled timber itself is transported by truck to a lumber yard, where it may be turned into wood chips and further processed. The Arkansas Highway Police have reportedly concluded that the weight variance established at A.C.A. § 27-35-203 (Repl. 2004), which allows for the transport of heavier loads than would otherwise be permitted, applies to truck transports of either wood chips or logs from the woods to a mill but not from a mill to any other destination. I am advised that one rationale for this policy is that it is difficult accurately to weigh a load in the woods, making enforcement of lower weight limits problematic, whereas this practical difficulty does not apply at a mill.
Subsection 27-35-203 creates the following variance from what would otherwise be applicable truck weight restrictions:
 (i)(1) Vehicles, or combinations of vehicles, with five (5) axles . . . hauling unfinished and unprocessed farm products, forest products, or other products of the soil shall be exempt from the federal bridge formula found in subsection (e) of this section on noninterstate highways in this state.[1]
 * * *
 (2)(B) Vehicles, or combinations of vehicles, with five (5) axles hauling unfinished and unprocessed farm products, forest products, or other products of the soil shall comply with a tandem axle limit of thirty-six thousand five hundred pounds (36,500 lbs.) and a single axle limit of twenty thousand pounds (20,000 lbs.).
You report that the Arkansas Highway Police interpret this variance as applying "when hauling forest products out of the woods but not when hauling from a yard." Implicit in this interpretation would appear to be an assumption that "forest products" can no longer be considered "unfinished and unprocessed"[2] once they have been taken to a lumber yard.
At issue in your request is whether felled timber and wood chips hauled from a lumber yard constitute "unfinished and unprocessed" forest products, thus qualifying them for the exemption established in A.C.A. § 27-35-203(i). The position of the Arkansas Highway Police on this question is apparently influenced by a previous version of this statute, which provided in pertinent part:
 Vehicles or combinations of vehicles with five axles, hauling unfinished and unprocessed farm products, forest products, or other products of the soil from the point of production, harvesting or severance to the point in this State at which the same shall first undergo any processing, preparation for processing, conversion or transformation from their raw, natural or severed state shall be permitted an eight (8) percent variance above the allowable gross weight whenever the formula in subsection (e) is applied to the vehicle or combination of vehicles.
Ark. Stat. Ann. § 75-817(g) (Supp. 1979) (emphasis added). Unlike the current A.C.A. § 27-35-203(i), this superseded statute expressly extended the variance on "unfinished and unprocessed . . . forest products" only to vehicles hauling such products from their point of origin to their point of initial processing. By contrast, A.C.A. § 27-35-203(i) extends the variance to unfinished and unprocessed forest products hauled anywhere in the state on a state roadway.
Former Ark. Stat. Ann. § 75-817(g) bears directly on your question in that it strongly suggests that the legislature would classify felled timber as "unfinished and unprocessed" and hence subject to the variance. In referring to "unprocessed . . . forest products" transported from their "point of . . . harvesting or severance," the legislature acknowledged that the mere "harvesting or severance" of timber does not in itself qualify as "processing." Although the provision that contains this characterization, restricting the variance to transport from the point of origin, is not echoed in A.C.A. § 27-35-203(i), I have no reason to assume that the legislature has retreated from the common-sense recognition that the mere act of felling timber is distinguishable from the act of "processing" that timber into a final product. In short, then, because logs have not yet been processed, the variance set forth in A.C.A. § 27-35-203(i) should apply to a log hauler, irrespective of whether he is hauling from the woods or from a lumber yard.
I do not believe the same conclusion applies to the hauling of wood chips. In my opinion, wood chipping clearly constitutes an initial processing step rendering the product something other than "unfinished" or "unprocessed." It follows that the variance set forth at A.C.A. § 27-35-203(i) should be unavailable to a wood chip hauler delivering the product from a lumber yard. In interpreting this statute, I must be guided by the general principle that a statute is construed just as it reads, giving the words their ordinary and usually accepted meaning in common language. Edwards v. State, 347 Ark. 364, 64 S.W.3d 706 (2002). Nothing is taken as intended that is not clearly expressed.State ex rel. Sargent v. Lewis, 335 Ark. 188, 979 S.W.2d 894
(1998). Subsection 27-35-2203(i) provides in totally unambiguous terms that only "unfinished and unprocessed . . . forest products" transported on state roads are exempt from the weight limitations set forth at A.C.A. § 27-35-203(e). Wood chips do not fall within this category and hence should not be subject to the variance, irrespective of whether they are hauled from the woods or from a lumber yard.
With respect to the question of whether wood chips constitute unprocessed forest products subject to the variance, A.C.A. §27-35-203(i) invites comparison with A.C.A. § 27-14-601(a)(3)(H) (Supp. 2005), which establishes a special licensing rate "for those vehicles used in hauling unfinished and unprocessed forest products." The latter statute carves out the following exceptions to the just-quoted limitation on vehicles subject to the special licensing rate:
 Notwithstanding any provision of this subdivision (a)(3)(H) or any other law to the contrary, persons in the timber harvesting or forestry industries who transport wood waste, wood chips, or wood dust from a mill or a temporary location may transport the wood waste, wood chips, or wood dust from the mill or the temporary location to a destination for further processing under this special classification.
In a memo relating to the addition in 2005 of the above provision to A.C.A. § 27-14-601(a)(3)(H), Major George Coffman of the Arkansas Highway Police offered the following remarks:
 That revision did not redefine unfinished or unprocessed products. It simply added an exemption for processed products, specifically wood waste, wood chips, and wood dust. . . . Therefore, wood waste, wood chips, and wood dust are not unfinished or unprocessed forest products.
I agree with Major Coffman that the legislature, in crafting a special exception for wood chips, tacitly acknowledged that wood chips do not fall within the category of "unfinished or unprocessed forest products" already subject to the special-licensure rule. Significantly, A.C.A. § 27-35-203(i) contains no comparable exception for wood chips, meaning that the weight variance authorized in that statute does not apply to this product.
Question 2: Please provide definitions or interpretations forthe words: "unfinished," "unprocessed," "farm products," "forestproducts," and "other products of the soil," as these terms areused in A.C.A. § 27-35-203.
Neither A.C.A. § 27-35-203 nor former Ark. Stat. Ann. § 75-817(g) define any of the referenced terms, and, in the absence of legislative guidance, I am not authorized to undertake what would be an essentially legislative act of providing definitions. In my response to your previous question, I did venture to infer a definition of "unfinished and unprocessed forest products" based upon legislative history. However, I am not situated to go any further in crafting definitions of these terms. Legislative guidance appears warranted.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JHD/cyh
[1] The referenced subsection (e) establishes as generally applicable on all Arkansas highways weight limits computed under a federal-law formula setting the weight limits on interstate highways and bridges. Subsection 27-35-203(i)(1) makes clear that the exemption it grants on weight limits will extend only to state roads.
[2] I read the term "unfinished and unprocessed" to mean that in order for a truck to qualify for the variance, the forest product it hauls must neither have taken its final form nor been subjected to any processing needed to craft it into its final form.