The Honorable Thomas D. Deen Prosecuting Attorney Tenth Judicial District 506 South Main Street Monticello, Arkansas 71655
Dear Mr. Deen:
I am writing in response to your request for an opinion regarding A.C.A. § 12-41-505. As you note, this statute was amended by Act 117of 2007 to provide for the assessment of a "booking and administration fee" in criminal proceedings, to be "deposited into a special fund . . . to be used exclusively for the maintenance, operation, and capital expenditures of a county jail or regional detention facility." A.C.A. § 12-41-505(b)(1) and (3) (Supp. 2007). You present the following facts and questions concerning this fee:
 Some counties do not maintain or operate a county jail or regional detention facility, but instead pay other detention facilities to house that county's prisoners on a per diem or contract basis. Is such a county required under the statute to reserve the booking and administration fee until such time as it may maintain or operate a county jail or regional detention facility? Alternatively, is such a county authorized to enter into an agreement with another detention facility designating that facility as a "regional detention facility" within the meaning of § 12-41-505, and appropriate all or part of the county's booking and administration fees to the maintenance and operation of that facility, with the same applied to the county's financial obligations for its prisoners housed at that facility? *Page 2 
RESPONSE
In my opinion, a county that does not maintain or operate either a county jail or a regional detention facility, as discussed below, may not use the fee under A.C.A. § 12-41-505 (Supp 2007) to pay other detention facilities to house the county's prisoners. Accordingly, your specific questions must be answered "yes" and "no," respectively, in my opinion.
This conclusion is based upon established principles of statutory construction. The basic rule of statutory construction to which all other interpretive guides must yield is to give effect to the intent of the legislature. Flowers v. Norris, 347 Ark. 760, 765, 68 S.W.3d 289,292 (2002). Statutes are to be construed just as they read, giving the words their ordinary and usually accepted meaning in common language.Dunklin v. Ramsay, 328 Ark. 263, 944 S.W.2d 76 (1997). When the language is plain and unambiguous, legislative intent will be determined from the ordinary meaning of the language used, without resorting to a search for the legislative intent. Weiss v. McFadden, 353 Ark. 868, 120 S.W.3d 545
(2003). If the statute must be interpreted, established rules of statutory construction support reading its provisions as a whole and with reference to other provisions relating to the same subject matter, bearing in mind its object and purpose. Chism v. Phelps, 228 Ark. 936,311 S.W.2d 297 (1958). It is also well established that unless a different legislative intent is indicated, a court will not resort to a strained construction for the purpose of restricting or expanding the meaning of a statute. Thompson v. Younts, 282 Ark. 524, 669 S.W.2d 471
(1984). Nothing is taken as intended that is not clearly expressed.State ex rel. Sargent v. Lewis, 335 Ark. 188, 979 S.W.2d 894 (1998).
Bearing these principles in mind, I note that subsection 12-41-505(b)(3) plainly precludes devoting the "booking and administration fee" to any purpose other than "the maintenance, operation, and capital expenditures of a county jail or regional detention facility." The statute states in full:
 (a)(1) Every person who may be committed to the common jail of the county by lawful authority for any criminal offense or misdemeanor, if he or she shall be convicted, shall pay the expenses in carrying him or her to jail and also for his or her support from the *Page 3 
day of his or her initial incarceration for the whole time he or she remains there.
 (2) The expenses which accrue shall be paid as directed in the act regulating criminal proceedings.
 (b)(1) A person convicted of a felony or a Class A misdemeanor shall be assessed a booking and administration fee of twenty dollars ($20.00).
 (2)(A) The booking and administration fee described in subdivision (b)(1) of this section shall be assessed upon the conviction of a defendant and included in the judgment of conviction entered by the court.
 (B) If a court suspends imposition of sentence on a defendant or places him or her on probation and does not enter a judgment of conviction, the court shall impose the booking and administration fee as a cost.
 (3) The booking and administration fee assessed under subdivision (b)(1) of this section shall be deposited into a special fund within the county treasury to be used exclusively for the maintenance, operation, and capital expenditures of a county jail or regional detention facility.
 (c) The property of the person shall be subject to the payment of the expenses and the booking and administration fee.
A.C.A. § 12-41-505 (Supp. 2007).
The statute does not define "county jail" or "regional detention facility." The meaning of these terms can be gleaned, however, from other statutes relating to jails and detention facilities. The term "county jail" in my opinion refers to a facility that is maintained or operated by the county, either through the sheriff or a designee.See A.C.A. § 12-41-503 (Supp. 2007) (regarding management of local jail populations)). See also A.C.A. § 12-41-506 (Repl. 2003) (addressing expenses of *Page 4 
municipal prisoners held in county jails). Regarding a "regional detention facility," I believe this term reasonably has reference to a facility that is created by agreement among or between different political subdivisions, or among or between political subdivisions and the state or a prison contractor. See Op. Att'y Gen. 2004-302 (noting that regional jail facilities can be created through interlocal agreement pursuant to A.C.A. § 25-20-101 — 108)); A.C.A. § 12-50-101
— 110 (Repl. 2003) (authorizing cooperative endeavors for financing, constructing, acquiring, and operating prison facilities). See also
A.C.A. § 22-3-1225(c) (Repl. 2004), part of the "Public Facilities Finance Act of 1983," A.C.A. § 22-3-1201 — 1226 (Repl. 2004) (providing for use of funds in the Prison Construction Trust Fund to construct and equip, inter alia, "regional jail facilities operated jointly by cities, counties, or regional jail commissions.")
Your question concerning use of the "booking and administration" fee presupposes that the county does not maintain or operate a county jail or a regional detention facility, but instead pays another facility to house its prisoners. Assuming the absence of a "county jail" or "regional detention facility" as discussed above, it would seem clear that the county in that case may not simply designate such other facility as a "regional detention facility" for purposes of A.C.A. § 12-41-505, with the intention of appropriating all or part of the fee to that facility in satisfaction of the county's payment obligations. The use of the fee in that manner would be contrary to the plain language of subsection 12-41-505(b)(3). Had the legislature intended to authorize application of the fee simply to help defray the cost of incarcerating county prisoners, it could easily have done so, as it did with respect to the additional fine authorized under A.C.A. § 16-17-129
(Supp. 2007). See Id. at (b)(2) (authorizing the use of such fine proceeds "to help defray the cost of incarcerating county prisoners, including the construction and maintenance of the county jail.")
In response to your specific questions, therefore, a county that pays another detention facility to house its prisoners in my opinion must reserve the booking and administration fee until such time as it maintains or operates a county jail, or undertakes to create a regional detention facility; and the county may not appropriate the fee to such other facility in satisfaction of the county's financial obligations for its prisoners housed at that facility.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve. *Page 5 
Sincerely,
DUSTIN McDANIEL Attorney General
 *Page 1